By the Court:

The decree of the Chancellor was unanimously affirmed;' the Court holding that inasmuch as it had already been decided in the Court of Errors and Appeals that the devise in trust of the real estate in question by the testator to be rented and not sold, or in perpetuity for the purposes of the charity mentioned, was a valid devise, it was not in the power of the Legislature to authorize and direct the sale and conversion of it into personalty, even for the purposes of the trust; because it was such a devise as the testator had power to make of his real estate in perpetuity, for the purpose stated, it being a devise in trust to a charity, which the Legislature had not *593 the power to repeal or modify, or to divest the title and estate given by it; and because it would be in direct contravention of the will of the' testator, which in this respect, had been held by this Court, after solemn argument, to be valid and binding, and who had expressly directed in the devisé in question that the land should not be sold, but should be rented, and the rents and profits arising from it should be applied to the objects of the charity. The act of the Legislature directing the sale and conversion of the real estate thus devised, into personal property or money, although conceived in a friendly spirit towards-the object of the trust and charity, and was enacted with the design to render it more productive and effectual for the purposes contemplated by the testator, was therefore an act which the Legislature had no power over the subject-matter to pass, and was consequently inoperative and void, and conferred no power on the commissioners or trustees named in it, the appellants, to sell or dispose of the real estate in any manner whatever.